# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

ILHAHI BEY,

        Petitioner,

v.                                       **Case No. 6:26-cv-567-JA-DCI**

SECRETARY, DEPARTMENT OF
CORRECTIONS,

        Respondent.

---

## ORDER

THIS CAUSE is before the Court on Petitioner Ilhahi Bey's Petition for Writ of Habeas Corpus ("Petition," Doc. 1) filed under 28 U.S.C. § 2254. Petitioner, a pretrial detainee proceeding pro se, also references 42 U.S.C. § 1983. (Doc. 1 at 2.) Petitioner complains, among other things, that he was unlawfully arrested on January 14, 2026, and has been falsely imprisoned since that time at the Orange County Jail. (*Id.* at 2-4.) He notes that he has a criminal action pending in the state court, and he seeks immediate release. (*Id.* at 3-5.) Petitioner has not paid the filing fee or moved to proceed *in forma pauperis*.

To the extent Petitioner is seeking to file either a habeas petition or a civil rights action, he has failed file a habeas petition or a civil rights complaint on an approved form as required by the Local Rules of the Middle District of Florida. *See* M.D. Fla. L. R. 6.04. Further, a civil rights action and a habeas

action may not proceed in the same case. Rather, if Petitioner wishes to pursue a civil rights action and a habeas action, he must initiate separate actions by filing a complaint and a petition, each of which will be assigned separate case numbers.

Further, Petitioner should be aware that the Eleventh Circuit Court of Appeals has determined that 28 U.S.C. § 2254 is the appropriate manner by which state prisoners "in custody pursuant to judgment of a State court" must challenge their convictions. *See Medberry v. Crosby*, 351 F.3d 1049, 1060-61 (11th Cir. 2003) (noting that "no state prisoner would choose to run the gauntlet of § 2254 restrictions when he could avoid those limitations simply by writing '§ 2241' on his petition for federal post-conviction relief"). Conversely, if Petitioner has not been convicted, 28 U.S.C § 2241 is the appropriate manner by which to seek habeas relief. However, before a petitioner may seek federal habeas relief, he must exhaust his state remedies. *See Horowitz v. Wainwright*, 709 F.2d 1403, 1404 (11th Cir. 1983) (holding "the principles of comity that form the basis for the exhaustion requirement clearly would be violated by allowing the petitioners to simultaneously pursue their appeal in the Florida state court and their Section 2254 petitions in the federal court.").

Because Petitioner has not filed either a habeas petition or civil rights complaint on the required form and has not paid the filing fee or moved to proceed *in forma pauperis*, this action will be dismissed without prejudice.

Petitioner may initiate a new habeas action pursuant to 28 U.S.C. § 2241 or a civil rights action under 42 U.S.C. § 1983 by completing the form(s) provided with this Order and either paying the filing fee or seeking leave to proceed *in forma pauperis*.

Accordingly, it is **ORDERED** and **ADJUDGED** as follows:

1.      This case is **DISMISSED WITHOUT PREJUDICE**. The Court notes that the dismissal without prejudice does not excuse Petitioner from the one-year period of limitation for filing a habeas corpus petition in the federal courts. *See* 28 U.S.C. § 2244(d).

2.      The Clerk of the Court is directed to send Petitioner a standard 28 U.S.C § 2241 habeas form, a prisoner civil rights complaint form, and an affidavit of indigency along with this Order and to close this case.

**DONE** and **ORDERED** on March **2 4**, 2026.

JOHN ANTOON II
United States District Judge

Copies furnished to:
Unrepresented Party

3